UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
KRISTIN AUDREY,

                Plaintiff,                                 **MEMORANDUM AND ORDER**
                                                                              06-CV-5612 (RRM)(SMG)

   - against -

CAREER INSTITUTE OF HEALTH AND
TECHNOLOGY and DR. KLEBER MOLINA,

                Defendants.
---------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

In 2006, plaintiff Kristen Audrey filed this action against defendants Career Institute of Health and Technology ("Career Institute") and Dr. Kleber Molina ("Molina"), alleging sexual discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and related state claims under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 297 (McKinney's 2014); the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107; and New York state common law. (*Id.*) Career Institute moved for summary judgment on all claims, (*see* Doc. No. 30), and this Court referred the motion to Chief Magistrate Judge Steven M. Gold, for a Report and Recommendation ("R&R").

On January 12, 2010, Magistrate Judge Gold issued an R&R that recommended granting summary judgment to Career Institute on Audrey's federal claims for *quid pro quo* harassment and a hostile work environment, as well as her state claims for a hostile work environment under the NYSHRL and intentional infliction of emotional distress under New York common law.[1] (*See* Doc. No. 33 at 33–34.) The R&R also recommended, however, that the Court deny summary judgment as to Audrey's claims for retaliation under Title VII and the NYSHRL, as

---
[1] Although named as a defendant in this action, Molina was never served. Magistrate Judge Gold therefore recommended that, pursuant to Fed. R. Civ. P. 4(m), all claims against Molina be dismissed for failure to effect timely service. (*See* Doc. No. 33 at 9.) No party objected to that portion of the R&R.

1

well as all claims brought under the NYCHRL. (*See id.*) Magistrate Judge Gold reminded the parties that, pursuant to Rule 72(b), any objections to the R&R were due by January 29, 2010. (*Id.* at 34.) Both parties submitted timely objections. (*See* Doc. Nos. 34, 36.) In addition, on July 24, 2013, Audrey filed a supplemental letter "to provide the Court with information regarding recent case law that the Court may find relevant" to the issues raised by the parties. (Doc. No. 38 at 1.)

For the reasons that follow, the Court overrules both parties' objections and, having found no clear error in the remaining portions of the R&R, concurs with and adopts the R&R in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007). Accordingly, Career Institute's motion for summary judgment is granted in part and denied in part.

## DISCUSSION

The Court reviews *de novo* the portions of an R&R to which a party has objected. *See* Fed. R. Civ. P. 72(b)(3); *Bouzzi v. F & J Pine Rest., LLC*, 841 F. Supp. 2d 635, 638 (E.D.N.Y. 2012). Portions to which no objections have been filed are reviewed for clear error. *See Morritt v. Stryker Corp.*, No. 07-CV-2319 (RRM) (RER), 2013 WL 5350109, at *1 (E.D.N.Y. Sept. 23, 2013); *Price v. City of New York*, 797 F. Supp. 2d 219, 223 (E.D.N.Y. 2011). Objections that offer only perfunctory responses, merely reiterate arguments already made and rejected, or state a general disagreement with the outcome are also reviewed for clear error. *See Freeman v. Dep't of Envtl. Prot.*, No. 10-CV-1555 (NGG) (LB), 2013 WL 801684 (E.D.N.Y. Mar. 5, 2013); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). The Court will find clear error only where, upon a review of the entire record, it is left with the definite and firm conviction that a mistake has been committed. *See* Fed. R. Civ. P. 72(a); *Regan v. Daimler Chrysler Corp.*, No. 07-CV-1112 (RRM) (JO), 2008 WL 2795470, at *1 (E.D.N.Y. July 18, 2008) (quoting *Nielsen v.*

*New York City Dep't of Educ.*, No. 04-CV-2182 (NGG) (LB), 2007 WL 1987792, at *3 (E.D.N.Y. July 5, 2007)) ("[T]he district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."). After reviewing the R&R, the Court may accept, reject, or modify its findings or recommendations, receive further evidence, or return the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(l)(C).

The Court assumes familiarity with the facts and record of this case, which are amply set forth in the R&R. (*See* Doc. No. 33 at 2–8.) Career Institute objects to the R&R insofar as it preserves for trial Audrey's retaliation claims under Title VII, the NYSHRL and the NYCHRL. In particular, Career Institute urges that Magistrate Judge Gold improperly considered three pieces of evidence: (1) the hiring of a part-time medical billing instructor one month before plaintiff's termination, (2) statements by Jordana Bailey that she was not permitted to inquire as to whether Audrey could be transferred to another campus, and (3) Bailey's statements about Nancy Anatra's opinion of Audrey. (*See* Doc. No. 34 at 1–3.) These objections, which merely dispute the manner in which Magistrate Judge Gold weighed the evidence and reiterate the arguments Career Institute offered in support of its motion, (*see, e.g.*, Doc. No. 30-4 at 7–8; Doc. No. 32 at 9), are unavailing.[2]

Audrey's objections are also without merit. First, Audrey's general objection that the R&R "seems to seriously downplay the extent of the hostile work environment that [p]laintiff was forced to endure" is inaccurate. (Doc. No. 36 at 2.) Far from minimizing Audrey's allegations, Magistrate Judge Gold conscientiously and judiciously applied the relevant legal

---

[2] Career Institute also argued that if the so-called *Faragher/Ellerth* affirmative defense to employer liability applies to hostile work environment claims under the NYCHRL, that claim should also be dismissed. At the time objections to the R&R were due, New York law was unclear on this point. However, the New York Court of Appeals has since held that the defense is not available. *See Zakrzewska v. New Sch.*, 928 N.E. 2d 1035, 1039 (N.Y. 2010).

principles. Second, Audrey argues that her *quid pro quo* harassment claims should not be dismissed because questions of fact exist regarding Career Institute's failure to submit a trade school license on her behalf and Molina's role in scheduling tutoring sessions. This argument was already considered and rejected by Magistrate Judge Gold. (*See, e.g.*, Doc. No. 31 at 13.) In particular, the R&R concluded that Career Institute's failure to submit plaintiff's application for a trade school license was not an adverse employment action because Audrey was hired as a medical billing instructor, Audrey never alleged that she asked Career Institute to submit an application on her behalf, Audrey offered no evidence that Career Institute was under any obligation to submit the application, and it was unclear that Audrey qualified for the license. (*See* Doc. No. 33 at 26–27.) Because these objections offer nothing that undermines the conclusions in the R&R, they are overruled.

Next, citing *Distasio v. Perkin Elmer Corporation*, 157 F.3d 55 (2d Cir. 1998), Audrey objects that Career Institute is not entitled to claim the *Faragher/Ellerth* defense because "where . . . the hostile environment was created by the [p]laintiff's supervisor, the defense is unavailable."[3] (Doc. No. 36 at 4.) Not so. When an alleged harasser is a supervisor, "the objectionable conduct is automatically imputed to the employer." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 103 (2d Cir. 2010) (citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998)). "But even then the

---

[3] Audrey also objects that there was sufficient evidence in the record to create a material issue of fact as to whether she received a copy of the Career Institute's harassment policy successful. In connection with this claim, Audrey argues that Magistrate Judge Gold failed to treat her "verified complaint" as an affidavit. "[A] verified pleading, to the extent that it makes allegations on the basis of the plaintiff's personal knowledge, and not merely on information and belief, has the effect of an affidavit and may be relied on to oppose summary judgment." *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004) (citing *Fitzgerald v. Henderson*, 251 F.3d 345, 361 (2d Cir. 2001), *cert. denied*, 536 U.S. 922 (2002)). But even assuming, *arguendo*, that Audrey's assertions establish that she was unaware of Career Institute's anti-discrimination policy, this does nothing to undermine Magistrate Judge Gold's conclusion that case is distinguishable from others in which an employer failed reasonably to disseminate its policy and thus could not invoke the *Faragher/Ellerth* defense. Moreover, even if Audrey was initially unaware of the policy, that clearly did not prevent her from learning about the policy, filing a complaint, or having her concerns taken seriously and addressed expeditiously.

defending employer may be permitted, subject to proof by a preponderance of the evidence, to raise the *Faragher/Ellerth* affirmative defense to liability or damages." *Gorzynski*, 596 F.3d at 103.

In this case, Career Institute had an anti-harassment and anti-retaliation policy, which was set forth in its employee handbook.[4] When Audrey filed her complaint regarding Molina, Career Institute took prompt corrective action. Within days of the complaint being filed, Career Institute spoke with Audrey and interviewed Molina. Soon after that, Career Institute convened a meeting to discuss the case that included Audrey, Molina, the human resources director, the director of the Rego Park campus, and a co-owner of the Career Institute. (*See* Def.'s Am. Rule 56.1 Stmt. (Doc. No. 30-3) ¶¶ 12–17; Audrey Dep. (Doc. 30-24) at 160–65.) Molina was quickly removed as Audrey's supervisor. (Def.'s Am. Rule 56.1 Stmt. ¶¶ 18–20; Audrey Dep. at 165, 174–75.)

The actions taken by Career Institute stopped the alleged harassment of Audrey, and "an employer's response need only be 'sufficiently calculated to end the harassment.'" *Chenette v. Kenneth Cole Prods., Inc.*, No. 05-CIV-4849 (DLC), 2008 WL 3176088, at *11 (S.D.N.Y. Aug. 6, 2008), *adhered to on recons.*, 2008 WL 4344588 (S.D.N.Y. Sept. 16, 2008), *aff'd*, 345 F. App'x 615 (2d Cir. 2009) (quoting *Murray v. New York Univ. Coll. of Dentistry*, 57 F .3d 243, 250 (2d Cir. 1995)). Having correctly found that Molina's harassment did not culminate in a tangible employment action, that Career Institute exercised reasonable care to prevent and promptly correct harassing behavior, and that Career Institute took prompt and appropriate corrective action in response to Audrey's complaint, Magistrate Judge Gold rightly concluded

---

[4] The policy forbids sexual harassment, instructs employees who have a harassment-related complaint to make it "known immediately to his/her supervisor, the Human Resources Department, or directly to the President," and assures employees that such complaints will receive a thorough investigation. (*See* Pl.'s Second Am. Rule 56.1 Counter Stmt. (Doc. No. 31-4) at 26.)

5

that Career Institute had successfully raised the *Faragher/Ellerth* defense. *See Van Alstyne v. Ackerley Grp., Inc.*, 8 F. App'x 147, 152 (2d Cir. 2001); *Negron v. Ulster Cnty.*, No. 08-CV-692 (FJS) (RFT), 2012 WL 3597398 (N.D.N.Y. Aug. 20, 2012), *aff'd sub nom. Negron v. Wesolowski*, 536 F. App'x 151 (2d Cir. 2013); *Yerry v. Pizza Hut of Se. Kansas*, 186 F. Supp. 2d 178, 185 (N.D.N.Y. 2002); *see also Cajamarca v. Regal Entm't Group*, 863 F. Supp. 2d 237, 253 (E.D.N.Y. 2012) (noting the defendant "promptly and appropriately remedied" the alleged hostile work environment and thus was not required to establish the second prong of the *Faragher/Ellerth* defense and defendant was not liable for hostile work environment).

Audrey's remaining objections are also meritless. The supplemental letter dated July 30, 2013, cites recent cases in the Second Circuit to argue that claims brought under the NYCHRL are judged by a more liberal standard than their federal counterparts. (*See* Doc. No. 38 at 1 (citing *inter alia Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009)). But Magistrate Judge Gold did just that, and in fact recommended that the Court *deny* summary judgment for Career Institute on Audrey's NYCHRL claims. (*See* Doc. No. 33 at 32–34.) Finally, Audrey offers no legal authority to contradict the R&R's observation that "[u]nder New York law, intentional infliction of emotional distress is a theory of recovery that is available 'only as a last resort' and may not be maintained where the offending conduct is embraced by another tort remedy, including theories of sexual harassment under the Human Rights Law." *Maher v. Alliance Mortg. Banking Corp.*, 650 F. Supp. 2d 249, 268–69 (E.D.N.Y. 2009) (quoting *McIntyre v. Manhattan Ford*, 682 N.Y.S. 2d 167, 169 (N.Y. App. Div. 1998)) (internal citations omitted).

## CONCLUSION

After reviewing *de novo* the portions of the R&R to which the parties objected, the Court finds the objections to be without merit. *See* Fed. R. Civ. P. 72(b)(3); *Bouzzi*, 841 F. Supp. 2d at 638. Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the Court has reviewed the remaining portions of the R&R for clear error and, finding none, concurs with and adopts the R&R in its entirety. *See Covey*, 481 F. Supp. 2d at 226.

Accordingly, all claims against Molina are dismissed for failure to effect timely service pursuant to Fed. R. Civ. P. 4(m); summary judgment is granted for Career Institute with respect to Audrey's claims for *quid pro quo* harassment under Title VII, hostile work environment under Title VII and the NYSHRL, and intentional infliction of emotional distress under New York state common law; and summary judgment is denied as to Audrey's retaliation claims and her hostile work environment claim under the NYCHRL.

SO ORDERED.

Dated: Brooklyn, New York
      May 18, 2014

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge